OPINION OF THE COURT
Per Curiam.
Respondent Yves-Merry Telemaque was admitted to the practice of law in the State of New York by the Second Judicial Department on August 23, 1995. At all times relevant to this proceeding, she maintained an office for the practice of law within the First Judicial Department.
In accordance with 22 NYCRR 603.11, the Departmental Disciplinary Committee moves for an order accepting respondent’s affidavit of resignation from the practice of law and striking her name from the roll of attorneys. Respondent has not responded.
Respondent’s affidavit, sworn to on June 20, 2013, complies with section 603.11 in that she states that her resignation is submitted freely, voluntarily and without coercion or duress, that she is fully aware of the implications of submitting her resignation (including that her name will be stricken from the roll of attorneys and she cannot reapply to the New York bar for seven years), that she is aware that there is a pending disciplinary investigation commenced against her alleging that she converted client funds, and that if the Committee brought charges predicated upon the misconduct under investigation, she would be unable to successfully defend herself on the merits against the allegations (see 22 NYCRR 603.11 [a] [l]-[3]).
Specifically, respondent acknowledges that, with respect to the allegation of conversion,
“[o]n March 13, 2007, I was appointed successor guardian to Cleo Veal, who later passed away on November 11, 2008. On November 7, 2008, I sold her residence. I deposited the proceeds from the sale which totaled $315,093.44 into my IOLA account. Thereafter, I failed to turn over $214,322.44 entrusted to me from the sale of the decedent’s residence. I was not authorized to use any of the monies for my own personal use, and was obligated to turn over all funds for the decedent to the Queens County Public Administrator.”
Respondent asserts that she is arranging with the Queens County Public Administrator to repay the money she converted and acknowledges that if the Lawyers’ Fund for Client Protec *212 tion pays out a claim for these converted funds, then she is obligated to reimburse the Fund. Respondent has consulted with counsel of her choice and has determined that it is appropriate to submit her resignation at this time.
Accordingly, the Committee’s motion is granted, respondent’s resignation from the practice of law is accepted, and her name is hereby stricken from the roll of attorneys nunc pro tunc to June 20, 2013.
Renwick, J.E, DeGbasse, Freedman, Richter and ManzanetDaniels, JJ., concur.
Respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 20, 2013.